Marc J. Randazza, Nevada Bar No. 12265
Ronald D. Green, Jr., Nevada Bar No. 7360
Randazza Legal Group
3625 S. Town Center Drive
Las Vegas, NV 89135
Telephone: (702) 420-2001
Fax: (305) 437-7662
Email: MJR@randazza.com
        RDG@randazza.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ADKNOWLEDGE, INC., a Delaware Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>ADKNOWLEDGE LLC, a Nevada Limited-Liability Company; and JONAS ESPINOZA, an individual,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT** |

ADKNOWLEDGE, INC. ("*Plaintiff*") hereby alleges for its complaint against ADKNOWLEDGE LLC and JONAS ESPINOZA ("*Defendants*") upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

### I.     NATURE OF THE CASE

1.     Plaintiff is the world's largest privately-held digital marketplace. Plaintiff has offices on five continents, over 10,000 total clients, and millions of advertising

1

1  placements. It offers a range of Internet-based advertising services, all under its
2  incontestable federally-registered "ADKNOWLEDGE" trademark (the "*Adknowledge*
3  *Mark*").

4      2.    Defendants operate a competing Internet-based advertising business,
5  offering some of the same or similar products and services as Plaintiff. This action arises
6  from Defendants' unauthorized and unlawful use of the name "Ad knowledge", "Ad
7  Knowledge", "AdKnowledge", and "Adknowledge" (collectively, the "*'Ad knowledge'*
8  *name"*) in connection with its products and services.

9      3.    Plaintiff repeatedly advised Defendants that they were infringing, and
10 Defendants promised to stop. But Defendants made no attempt to change their marketing.
11 Defendants continue to use the infringing "Ad knowledge" name. Consumers have been
12 actually confused as to which company offers services, and Plaintiff has already been
13 contacted by an attorney who mistakenly believed that his client used Plaintiff's rather
14 than Defendants' products.

15     4.    Plaintiff seeks injunctive and monetary relief against Defendants for the
16 following wrongful acts:

17     a.    trademark infringement, unfair competition and false designation of origin
18         in violation of 15 U.S.C. § 1114 et seq;

19     b.    deceptive trade and business practices under Nevada Statutes; and

20     c.    trademark infringement and unfair competition under Nevada common law.

21         **II.    JURISDICTION AND VENUE**

22     5.    This Court has original jurisdiction under 28 U.S.C. § 1331 over Plaintiff's
23 claims for trademark infringement, unfair competition, and false designation of origin
24 because they arise under the Lanham Act, 15 U.S.C. § 1114 et seq.

25     6.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over
26 Plaintiff's state-law claims because they are so related to Plaintiff's Lanham Act claims

27

1  that they form part of the same case or controversy

2      7.    This Court has general personal jurisdiction over Defendant Adknowledge
3  LLC because it is a limited-liability company formed under the laws of Nevada.
4  According to Nev. Rev. Stat. § 86.281, Defendant Adknowledge LLC can be sued in its
5  common name. Under 28 U.S.C. § 1391(c)(2), Defendant Adknowledge LLC is a Nevada
6  resident and therefore has systematic and continuous contacts with Nevada.

7      8.    This Court has specific personal jurisdiction over Defendant Jonas
8  Espinoza because the claims against him arose as a result of his control over a Nevada
9  limited-liability company. This Court has general personal jurisdiction over Defendant
10 Jonas Espinoza because he is the managing member of Adknowledge LLC, a Nevada
11 limited-liability company. As the sole manager of a Nevada limited-liability company,
12 Defendant Espinoza has systematic and continuous contacts with Nevada.

13     9.    This Court is the proper venue under 28 U.S.C. § 1391(b)(1) because this is
14 a judicial district in which Defendant Adknowledge LLC resides. According to 28 U.S.C.
15 § 1391(c)(2), Defendant Adknowledge LLC is a Nevada resident because it is an entity
16 with the capacity to sue and be sued in its common name under Nev. Rev. Stat. § 86.281.

### III. PARTIES

18     10.    Plaintiff is a Delaware corporation with its principal place of business in
19 Kansas City, MO. Plaintiff's advertising-related services are marketed to consumers
20 across the nation and around the world. Plaintiff markets to and does business with
21 customers located in this judicial district.

22     11.    Defendant Adknowledge LLC is a Nevada limited-liability company with
23 its principal place of business in Glendale, AZ.  Defendant Adknowledge LLC markets
24 its competing advertising-related services on the Internet to any Internet user, including
25 to users in the District of Nevada.

26     12.    Defendant Jonas Espinoza is an individual who resides in Arizona.

27

3

Espinoza is Defendant Adknowledge LLC's sole managing member. He directs and controls all aspects of Defendant Adknowledge LLC's business.

### IV.   FACTS

13. Plaintiff offers its advertising customers a variety of advertising tools, including a database of over 400-million potential customers and social media, email, display ads, mobile, apps, games and sponsored content. More than 10,000 companies—including leading brands—have trusted Plaintiff to deliver advertising campaigns that work.

14. Plaintiff has devoted significant resources and many years to establishing the distinctive Adknowledge Mark, and consumers recognize that brand as exclusively identifying Plaintiff and the exceptional-quality advertising services that it provides.

15. Plaintiff's business success is based on its good reputation in the advertising industry. Advertising consumers have come to expect consistent, high-value services from Plaintiff, and Plaintiff puts extensive effort and expense into ensuring that its customers are satisfied.

16. Since 1998, Plaintiff together with its predecessor in interest has continuously and exclusively used the Adknowledge Mark in interstate commerce in connection with advertising services and products. Plaintiff has spent extensive time, millions of dollars, and substantial effort on advertising the Adknowledge Mark. The Adknowledge Mark is regularly featured in Internet, social media, print, and trade-show advertising. Digital-merchandising consumers are very familiar with the Adknowledge Mark, and know that it denotes the high-quality service they have come to expect from Plaintiff.

17. To protect its trademark rights, Plaintiff applied for U.S. trademark registration, and on March 28, 2000, the United States Patent and Trademark Office registered word-mark registration no. 2,334,551 for ADKNOWLEDGE for "providing

marketing consultation and market analysis services in the field of advertising via a global computer network". On October 31, 2006, Plaintiff received a design plus words, letters, and/or numbers registration for the word mark "Adknowledge" plus design. (collectively, the "*Adknowledge Registration*"). A true and correct copy of these trademark registrations is attached as **Exhibit A** and incorporated herein by reference.

18. The Adknowledge Registration is valid, subsisting, and incontestable under 15 U.S.C. § 1065.

19. Plaintiff is also the owner of various other United States and foreign registrations for the Adknowledge Mark.

20. The Adknowledge Mark is strong, inherently distinctive, and arbitrary as to Plaintiff's goods and services. Moreover, Plaintiff's long-term use and widespread advertising of the Adknowledge Mark in connection with Plaintiff's goods and services have led to widespread recognition that the Adknowledge Mark denotes Plaintiff.

21. Starting in July 2013, Plaintiff became aware that Defendants were using the "Ad knowledge" name as a trademark in commerce.

22. Defendants operate a "social media training" service that purports to provide advice on constructing social media campaigns. Defendants operate a website at <advertisingknowledge.biz> which offers these "social media training" services under the "Ad knowledge" name. **Exhibit B** to this complaint is a true and correct copy of screenshots from that website. According to Defendants' website, Defendants' services include advice on creating advertising campaigns on social media websites like Facebook, Twitter, Google+, and Pinterest.

23. Defendants' services directly compete with some of Plaintiff's services, which include the creation and placement of advertising campaigns on social media websites, including Facebook, Twitter, Google+, and Pinterest.

24. Defendant Jonas Espinoza is the sole managing member of Defendant

Adknowledge LLC. Espinoza controls and directs all business, affairs, and activities of Defendant Adknowledge LLC.

25. Espinoza directed Defendant Adknowledge LLC in its infringing activities and in committing trademark infringement.

26. In addition, Espinoza personally committed the infringing acts that Plaintiff describes in this complaint.

27. Espinoza is a moving, active conscious force behind Defendant Adknowledge LLC's infringement.

28. On July 23, 2013, Plaintiff sent Defendant Adknowledge LLC a letter advising that the "Ad knowledge" name infringed the Adknowledge Mark, and demanding that Defendant Adknowledge LLC immediately cease using that name.

29. On July 30, 2013, Jonas Espinoza identified himself as the owner of Defendant Adknowledge LLC and stated over the telephone that Defendants would cease infringement.

30. Consumers are likely to be confused by Defendants' infringement. Some consumers have already been actually confused by Defendants' use of the "Ad knowledge" name. Specifically, in October, 2013, Plaintiff was contacted by an attorney for a consumer about an invoice from Defendants charging the consumer for Defendants' services. Plaintiff had to expend resources explaining that it was not affiliated with Defendants and had not sent the consumer an invoice or provided the services the consumer was concerned about.

31. On December 3, 2013, Plaintiff sent Defendants an additional letter reminding Defendants that they agreed to stop infringing, and demanding that Defendants immediately take down the website and cease using the infringing names. A true and correct copy of that letter is attached as **Exhibit C**. Defendants have not responded to that letter, nor have they stopped infringing.

32. Defendants' ongoing infringement damages Plaintiff's business reputation and weakens the Adknowledge Mark. As already evidenced by one contact from an attorney, Plaintiff has incurred and will continue to incur expenses responding to consumer confusion about whether Plaintiff or Defendants provided services under the Adknowledge Mark.

33. Defendants' infringement is knowing, intelligent, malicious, and willful.

## V. CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
**(Trademark Infringement)**

34. Plaintiff hereby incorporates Paragraphs 1-33 by reference.

35. Defendants' use of the "Ad knowledge" name is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods, products, or services are associated, affiliated, or connected with Plaintiff or have the sponsorship, endorsement, or approval of Plaintiff.

36. Likelihood of confusion and deception is enhanced by the fact that Plaintiff's commercial activities under the Adknowledge Mark are provided or intended to be provided to the same classes of prospective customers as are Defendants' services.

37. Defendants have used and continue to use marks and names confusingly similar to Plaintiff's incontestable federally-registered Adknowledge Mark in violation of 15 U.S.C. § 1114, and Defendants' activities have caused and unless enjoined by this Court will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation for which Plaintiff has no adequate remedy at law.

38. Defendants' action constitutes willful and intentional infringement of Plaintiff's rights in Plaintiff's federally-registered Adknowledge Mark in violation of 15 U.S.C. §§ 1114, 1116, and 1117.

39.     Defendants had either actual notice or constructive notice of Plaintiff's Adknowledge Registration under 15 U.S.C. § 1072 before their adoption, use, and sale of goods, products, or services with the "Ad knowledge" name. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's federally registered Adknowledge Mark thus entitling Plaintiff to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125)**

40.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 39.

41.     Defendants' use of the "Ad knowledge'' name constitutes willful, deliberate, false, and misleading representations of fact as to the right to use the Adknowledge Mark in violation of Section 43(a)(l)(B) of the Trademark Act of 1946, 15 U.S.C. § 1125(a)(l)(B).

42.      Defendants have caused and unless enjoined will continue to cause serious and irreparable injury and damage to Plaintiff for which Plaintiff has no adequate remedy at law.

43.     Defendants had either actual notice or constructive notice of Plaintiff's federally-registered Adknowledge Mark under 15 U.S.C. § 1072 before their infringing adoption, use, and sale of goods, products, or services with the "Ad knowledge" name.

44.     Defendants intentionally, willfully, and maliciously intended to trade on the goodwill associated with the Adknowledge Mark. Plaintiff is thus entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs and attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## THIRD CLAIM FOR RELIEF

### (Deceptive Trade Practices – NRS 598.0915 et seq.)

45. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 44.

46. By using the "Ad knowledge" name, Defendants knowingly passed off goods or services for sale as those of Plaintiff.

47. By using the "Ad knowledge" name, Defendants knowingly made a false representation as to the source, sponsorship, approval or certification of goods or services for sale.

48. By using the "Ad knowledge" name, Defendants knowingly made a false representation as to affiliation, connection, association with or certification by another person.

49. Defendants have caused and unless enjoined by this Court will continue to cause serious and irreparable injury and damage to Plaintiff for which Plaintiff has no adequate remedy at law.

50. Defendants had either actual notice or constructive notice of Plaintiff's Adknowledge Mark before their adoption, use, and sale of the infringing goods or services and name.

51. Plaintiff is thus entitled to injunctive relief and to recover Defendants' profits, actual damages, any civil penalties allowed by law, enhanced profits and damages, costs and attorneys' fees.

## FOURTH CLAIM FOR RELIEF

### (Nevada Common Law Trademark Infringement)

52. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 51.

53. Defendants' use of the "Ad knowledge'' name, which is confusingly

similar to Plaintiff's Adknowledge Mark, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods, products, or services are associated, affiliated, or connected with Plaintiff or have the sponsorship, endorsement, or approval of Plaintiff.

54. Defendants' actions constitute willful and intentional infringement of Plaintiff's rights in the Adknowledge Mark in violation of Nevada common law.

55. Defendants have caused and unless enjoined by this Court will continue to cause serious and irreparable injury and damage to Plaintiff for which Plaintiff has no adequate remedy at law.

56. Defendants had either actual notice or constructive notice of Plaintiff's Adknowledge Mark prior to its adoption, use, and sale of the infringing goods or services and name.

57. Defendants intentionally, willfully, and maliciously intended to trade on the goodwill associated with the Adknowledge Mark. Plaintiff is thus entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(Nevada Common Law Unfair Competition)**

58. Plaintiff repeats and realleges paragraphs 1 through 27.

59. Defendants' use of the "Ad knowledge" name, which is confusingly similar to Plaintiff's Adknowledge Mark, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods, products, or services are associated, affiliated, or connected with Plaintiff or have the sponsorship, endorsement, or approval of Plaintiff.

60. Defendants' actions constitute unfair competition in violation of Nevada common law.

61. Defendants have caused and unless enjoined by this Court will continue to cause serious and irreparable injury and damage to Plaintiff for which Plaintiff has no adequate remedy at law.

62. Defendants had either actual notice or constructive notice of Plaintiff's Adknowledge Mark before their adoption, use, and sale of the infringing goods or services and name.

63. Defendants intentionally, willfully, and maliciously intended to trade on the goodwill associated with the Adknowledge Mark. Plaintiff is thus entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs and attorneys' fees.

## VI.   PRAYER FOR RELIEF

Plaintiff requests that the Court enter judgment in its favor and against Defendants Adknowledge LLC and Jonas Espinoza on all of its causes of action as follows:

1. Preliminary and permanent injunctive relief restraining and enjoining Defendants, and their officers, agents, servants, employees, attorneys, successors and assigns, and all persons acting for, with, by, through or under them, and each of them, from directly or indirectly infringing Plaintiff's trademarks in any manner, including but not limited to:

    a. using in any manner the Adknowlege Mark and any other term or terms likely to cause confusion therewith, including "AdKnowledge", "Ad Knowledge", "Ad knowledge", and "Adknowledge"; and

    b. otherwise engaging in any other acts or conduct that would cause consumers to believe that Defendants' products or services are in any way sponsored by, authorized by, licensed by, or in any way associated with Plaintiff or with Plaintiff's products and services.

2. A judgment, order, or injunction directing Defendant to deliver up for

1 destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the Adknowledge Mark or any other word, term, name, symbol, device, or combination thereof, likely to cause confusion therewith.

3. A judgment, order, or injunction directing Defendants to engage in corrective advertising to restore, to the fullest extent possible, the value of Plaintiff's trademarks.

4. A judgment, order, or award of actual general and compensatory damages adequate to compensate Plaintiff for Defendants' unlawful conduct.

5. Punitive, special, or exemplary damages as allowed by law, including an award of treble damages under 15 U.S.C. § 1117 based on a finding that this is an exceptional case because Defendants' infringement and unfair competition was knowing and willful.

6. Restitution and disgorgement of Defendants' profits from infringement or obtained by Defendants as the result of unjust enrichment.

7. An award of Plaintiff's reasonable attorney's fees and costs, as allowed by law.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

8. Such other, further, and different relief as the Court may deem just and proper under the circumstances.

Dated this 29th day of January, 2014.

Respectfully Submitted,

**RANDAZZA LEGAL GROUP**

By: _/s/ Marc J. Randazza_
Marc J. Randazza, Nevada Bar No. 12265
Ronald D. Green, Jr., Nevada Bar No. 7360
3625 S. Town Center Dr.
Las Vegas, NV 89135
Attorneys for Plaintiff Adknowledge, Inc.